83 F.3d 432
 78 A.F.T.R.2d 96-7259, 96-1 USTC P 50,240
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CHARLES K. Kaufman and Marie Kaufman, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-9012.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 
 ORDER AND JUDGMENT[1]
 Before KELLY and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs Charles K. Kaufman and Marie Kaufman appeal from a Tax Court judgment for defendant, Commissioner of the Internal Revenue Service. The Commissioner disallowed various deductions claimed by plaintiffs on their 1991 federal income tax return and assessed a penalty in addition to the determined tax deficiency. Proceeding pro se before the Tax Court, plaintiffs sought to substantiate deductions for alleged bad debts, stock losses, and a loss connected with the sale of their personal residence. The Tax Court determined that plaintiffs failed to meet their burden of proof to support their claimed deductions, and noted that plaintiffs did not address the penalty. Kaufman v. Commissioner, 69 T.C.M. (CCH) 2308 (1995).
 
 
 3
 Our jurisdiction over this appeal arises from 26 U.S.C. 7482(a). We review the Tax Court's judgment "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. 7482(a)(1). Thus, we review factual issues for clear error and legal questions de novo. NCAA v. Commissioner, 914 F.2d 1417, 1420 (10th Cir.1990).
 
 
 4
 On appeal, plaintiffs address a single issue: whether the Tax Court erred in ruling that they did not substantiate a loss in 1991 resulting from a partnership interest that became worthless during that year. This issue was newly raised at trial; plaintiffs had formerly contended that the loss resulted from bad debts made to the partnership in question. The Tax Court, making exception to the general rule, addressed the issue in its Memorandum Decision.
 
 
 5
 We have carefully reviewed the record on appeal and the parties' briefs. Applying the standards enunciated above, we conclude that the Tax Court correctly decided this issue. We agree that plaintiffs failed to demonstrate that they owned a partnership interest which became worthless in 1991. The judgment of the United States Tax Court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation